IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| ANNE J. BETHEA, BENJAMIN L. CARRUBBA and ELENOR G. CARRUBBA, RICHARD B. BROWN and MELISSA K. BROWN and MINERAL WELLS PROPERTIES, LLC, for themselves and all others similarly situated | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:12-cv-322-CWR-FKB |
| SPRINT COMMUNICATIONS COMPANY L.P., QWEST COMMUNICATIONS COMPANY, LLC, and LEVEL 3 COMMUNICATIONS, LLC | DEFENDANTS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES
AND EXPENSES TO SETTLEMENT CLASS COUNSEL**

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved, through a joint motion with Defendants, for an award of attorneys' fees and expenses to Settlement Class Counsel. [Docket No. 17]. Having reviewed the pleadings, including their supporting memorandum [Docket No. 18] and supporting Declarations of Class Counsel [Docket Nos. 18-5 and 18-6], the Court submits its findings of fact and states its conclusions of law, pursuant to Rule 23(h)(3), and further determines that the motion is GRANTED. Said findings of fact and conclusions of law are provided below:

**Findings of Fact**

1.   This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC f/k/a Qwest Communications Corporation, and Level 3 Communications, LLC ("the Settling Defendants"). The claims

resolved by the Settlement affect parcels of land in Mississippi covering approximately 173 miles of rights of way throughout the state.

2. On June 18, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. On July 31, 2012, the claims administrator mailed notices to 4,783 current and prior property owners along railroad rights of way in Mississippi containing telecommunications facilities installed by the Settling Defendants, and opened a Settlement call center and website. Additionally, the administrator prepared a publication notice, which appeared throughout the state in national newspaper supplements and in local newspapers' Mississippi-specific coverage. The notice, which was posted on the Settlement website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $302,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 24 [Docket No. 16-1]. The Notice further advised that the Court would hold a Fairness Hearing on January 16, 2013, at which time the Court would "consider how much to pay Class Counsel." *Id*. ¶ 27.[1] On January 16, 2013, the Court held the final Fairness Hearing.

3. The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1 [Docket No. 8-1]. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $302,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any

---

[1] The Notice provided instructions to class members regarding the steps they must take if they objected to the settlement or to the requests for fees. One objection was sent to the claims administrator, but the objecting party did not comply with the instructions in the Notice. The objection was not sent to all persons, including the clerk of the court. The parties, however, have now supplied that objection to the Court. Chapman Objection [Docket No. 18-1]. The Court has reviewed and considered it. The Court notes that the objection does not concern the fees, but it complains that Plaintiffs' *compensation* "is not suitable." *Id.* (emphasis added).

attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011, between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that approximately $630,000 in cash benefits are available for class members to claim. Administrative costs—to be paid separately by the Settling Defendants—in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $169,000. The agreed-to attorneys' fees and non-taxable costs of approximately $302,000—which will not reduce benefits payable to class members—bring the total gross value of the Settlement to roughly $1,100,000.

## Conclusions of Law

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." "Courts, including the Fifth Circuit, have encouraged litigants to resolve fee issues by agreement if possible." *In Re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litigation*, 851 F. Supp. 2d 1040, 1069 (S.D. Tex. 2012) (quotation marks and citations omitted). The Rule further provides that "[a] claim for an award must be made by motion under Rule

3

54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1), (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the Settlement website.

7. "The fees of class action attorneys have been paid historically out of the fruits of their labors." *Parker v. Anderson*, 667 F.2d 1204, 1213 (5th Cir. 1982) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)). Although courts encourage the parties to enter into agreements regarding fees, the Court is not bound by the agreement. *In re Heartland*, 851 F. Supp. 2d at 1069. "The trial judge has a responsibility to assess the reasonableness of the attorneys' fees in light of the standards enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and to enter findings of fact and conclusions of law setting out the basis for the fee award." *Parker*, 667 F.2d at 1213.[2] "Fifth Circuit law requires that when reviewing an attorneys' fee award for abuse of discretion, this Court must determine whether the record clearly indicates that the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642-43 (5th Cir. 2012) (internal quotation marks and citations omitted).

---

[2] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 n.25.

8. "No general rule can be articulated on what is a reasonable percentage of a common fund." *Smith v. Tower Loan of Miss., Inc.*, 216 F.R.D. 338, 369 (S.D. Miss. 2003) (citation omitted).

> In common fund cases, courts typically use one of two methods for calculating attorney's fees: (1) the percentage method, in which the court awards fees as a reasonable percentage of the common fund; or (2) the lodestar method, in which the court computes fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate and, in its discretion, applying an upward or downward multiplier.

*Dell*, 669 F.3d at 642. Although the Fifth Circuit has "never explicitly endorsed the percentage method for common fund cases . . . [the court] has been amenable to its use, so long as the *Johnson* framework is utilized to ensure that the fee awarded is reasonable." *Id.* at 643. "Indeed, district courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'" *Id.* (citing, *e.g.*, *Batchelder v. Kerr-McGee Corp.,* 246 F. Supp. 2d 525, 531 (N.D. Miss. 2003)). *See also Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 861 (E.D. La. 2007) ("Keeping in line with Fifth Circuit precedent, the Court finds that the blended percentage approach is an appropriate method for calculating reasonable attorneys fee in the case."); *Schwartz v. TXU Corp.*, No. 3:02-cv-2243, 2005 WL 3148350, at *26 (N.D. Tex. Nov. 8, 2005). "The percentage method also brings certain advantages . . . because it allows for easy computation, [and] it aligns the interests of class counsel with those of the class members." *Dell*, 669 F.3d at 643. Furthermore, "[t]he fact is that the Fifth Circuit has never reversed a district court judge's decision to use the percentage method, and none of our cases preclude its use." *Id.* at 644.

9. Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980)

5

("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted).

10. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. This approach is sensible, predictable, avoids protracted litigation and encourages settlement. *Buford v. Cargill, Inc.*, No. 05-0283, 2012 WL 5471985, at *1 (W.D. La. Nov. 8, 2012). Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $630,000 would be paid to qualifying class members. When estimated administrative costs of $169,000 — to be borne by the Settling Defendants[3] — and the agreed-to attorneys' fees and expenses of $302,000—also to be paid separately by the Settling Defendants—are factored in, the gross value of the Settlement is approximately $1,100,000. The $302,000 fee-and-expense award therefore represents approximately 27% of the fund as a whole.

11. At 27% of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. *See Batchelder*, 246 F. Supp. 2d at 531 ("While other courts have adopted varying benchmarks, the court finds that the adoption of an initial benchmark percentage of 25% is reasonable, and shall be approved"); *see also In re Catfish Antitrust Litig.*, 993 F. Supp. at 501 (adopting a 25% benchmark and noting that awards commonly fall between 20% and 30%); *Dell*, 669 F.3d at 644 ("counsel's requested 25% fee was entitled to the presumption of reasonableness") (internal quotation marks omitted).

---

[3] "Courts often include the costs of notice in valuing a class action settlement . . . . Including the notice costs in the value helps ensure that counsel work to make the notice effective and that such settlements are public and that damages are pursued." *In re Heartland*, 851 F. Supp. 2d at 1078 (citations omitted).

The 27% fee-and-expense award is especially reasonable here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation. In the twenty-one similar right-of-way settlements that have received final approval, the federal district courts in Idaho, Illinois, Alabama, North Dakota, Montana, Michigan, Minnesota, Vermont, Kansas, Indiana, Virginia, New Jersey, New York, Florida, West Virginia, Oklahoma, Maryland, Nebraska, Iowa, North Carolina, and Wisconsin approved fee-and-expense awards to class counsel ranging from 17% to 30% of the then-estimated fund.

12. In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade—which culminated in this and the other state settlement agreements—have prevented Settlement Class Counsel from segregating their fees and expenses into a "Mississippi-only" category or similar categories for other states. *See* Declaration of Settlement Class Counsel Dan Millea ¶ 16 [Docket No. 18-5]; Declaration of Settlement Class Counsel Irwin Levin ¶ 22 [Docket No. 18-6]. "While all of the Johnson factors are not necessarily relevant under a percentage fee approach, . . . those factors are the most proper standard with which to weigh the reasonableness of a fee award." *Batchelder*, 246 F. Supp. 2d at 531, Having considered those factors, it is apparent that the Mississippi fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

The Court has considered the detailed account of the history of the litigation, including the time and expenses incurred by counsel in pursuing the claims. The detail of the litigation was provided through the declarations of counsel as well as through statements at the Fairness Hearing in response to questions raised by the Court. The Court is satisfied that the issues were

novel and complex based on the number of cases and class members and the litigation ultimately conducted in trial and appellate courts in more than forty states. Pursuing these cases in multiple jurisdictions adds to the complexity and undesirability of these cases. Counsel for the class members as well as the defendants have represented their clients zealously. The skill and diligence used in this case requires an adjustment in the attorneys' fees request and this demonstrates further that the 27% benchmark is reasonable and that the fees fall within the customary range, which has been approved by courts in this Circuit. As noted below, the amount of the settlement is substantial, and the Court has already determined that the settlement is fair, adequate and reasonable.

13. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata Mississippi allocation.

14. Here, there are no objections to the fee-and-expense award. This is a factor for the Court's consideration. *See*, *e.g.*, *Batchelder*, 246 F. Supp. 2d at 532 ("In addition, the court notes that no formal objections have been filed by class members to the amount of attorneys' fees sought by class counsel."). The Court-approved notice stated that, at the conclusion of the Fairness Hearing, counsel would seek a fee-and-expense award up to $302,000. The notice also informed

8

class members of their ability to object to the fee-and-expense request. No class member objected to it.[4] The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable. *See generally In re Immune Response Secs. Litig.*, 487 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 695 (N.D. Ga. 2001); *In re Remeron Direct Purchaser Antitrust Litig.*, No. 03-0085, 2005 WL 3008808, at *13 (D.N.J. Nov. 9, 2005) (finding that lack of objections from the class supported the reasonableness of the fee request); *Waters v. Cook's Pest Control, Inc.*, No. 2:07-cv-394, 2012 WL 2923542, at *18 (N.D. Ala. July 17, 2012).

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $302,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account—established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law—with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Mississippi Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

---

[4] The sole objection complained about the settlement amount; not the amount of the attorneys fees. See note 1, *supra*.

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

**SO ORDERED,** this the 18th day of January, 2013.

s/Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

**AGREED AND APPROVED:**
s/John C. Sullivan, Jr.
John C. Sullivan, Jr.
Attorney for Bethea, Carrubba and Brown


s/Joel J. Henderson
Joel J. Henderson
Attorney for Mineral Wells Properties, Inc.


s/Benjamin M. Watson
Benjamin M. Watson
Attorney for Defendants Sprint, Qwest and Level 3